

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| REGGIE MANNING, JR., | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 8:23-1803-MGL |
| | § \ | |
| SCDC | § | , |
| Defendant. | § | |

### ORDER CONSTRUING PLAINTIFF'S NOTICE OF APPEAL
### AS A FED. R. CIV. P. 59(E) MOTION, AND GRANTING THE MOTION

Plaintiff Reggie Manning Jr.'s (Manning) filed this 42 U.S.C. § 1983 lawsuit against Defendant SCDC.

Here is a timeline of the relevant dates in this matter:

| | |
|---|---|
| May 3, 2023 | The Magistrate Judge sent a proper form order to Manning. |
| May 27 2023 | The Magistrate Judge gave Manning this deadline to bring his case into proper form. |
| May 31, 2023 | After the May 27, 2023, deadline for bringing Manning's lawsuit into proper form passed without receiving anything from Manning, the Court filed an order dismissing the case without prejudice and entered judgment against Manning. |
| July 14, 2023 | The Clerk of Court entered what Manning termed as a notice of appeal. According to the envelope in which this document was mailed, however, the |

prison mail room officials received the mailing on June 27, 2023. Thus, as per the "prison mailbox rule," this document is deemed filed on June 27, 2023, the date it was delivered to prison mail room officials. *See Houston v. Lack,* 487 U.S. 266, 270 (1988) (holding the pro-se prisoner "filed his notice within the requisite 30-day period when . . . he delivered the notice to prison authorities for forwarding to the District Court.").

After the Court dismissed this case, the Clerk of Court entered Manning's proposed documents to bring his case into proper form. According to the envelope Manning mailed them in, the prison officials received this mailing on May 26, 2023, one day before the May 27, 2023, deadline set by the Magistrate Judge to bring the action into proper form. Thus, as per the prison mailbox rule, Manning timely filed these proposed documents.

In Manning's June 27, 2023, submission, he argues that the Court erred in dismissing his suit for failure to bring his case into proper form.

The Court is required to liberally construe pro se pleadings, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). "Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a [filing] and recharacterize [it] . . . to place it within a different legal category. . . . [so as] to create a better correspondence between the substance of [the] pro se [submission] and its underlying legal basis, " *Castro v. United States*, 540 U.S. 375, 381-82 (2003). *See, e.g., Hester v. N.C. Atty. Gen.*, 199 F.3d 1327 (4th Cir. 1999) (unpublished table decision) (interpreting a "Notice of Appeal" as "Objections to the Report" when the petitioner filed a notice of appeal during the time period for filing objections to the Report).

In lieu of simply filing a notice of appeal, Massey instead makes Rule 59(e) type arguments in which he details why he thinks he is entitled to relief from the Court's judgment dismissing his case.  A Rule 59(e) motion may be granted when "the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice."  *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010).

"A motion to alter or amend a judgment must be filed no later than [twenty-eight] days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  As the Court noted above, it entered judgment in this case on May 31, 2023; and Manning's "notice of appeal" is considered filed as of June 27, 2023.  This document was thus filed within the twenty-eight day time period allowed for a Rule 59(e) motion.

Consequently, given "the need to correct a clear error or prevent manifest injustice[,]" *Robinson*, 599 F.3d at 411, following the mandate to construe pro se pleadings liberally, and in the interest of judicial economy, the Court "will ignore the legal label that [Manning] attache[d] to [his filing] and recharacterize [it]," *Castro*, 540 U.S. at 381, as a Rule 59(e) motion instead of a notice of appeal.

As such, in light of the prison mailbox rule, inasmuch as Manning timely filed his documents to bring his case into proper form, Manning's Rule 59(e) motion is **GRANTED**.  Accordingly, the Court's judgment in this case is **VACATED** and this matter is referred to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED**.

Signed this 20th day of July, 2023, in Columbia, South Carolina.

s/ Mary G. Lewis  
MARY G. LEWIS  
UNITED STATES DISTRICT JUDGE

*****

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.